IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAKYSHA JOINER, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:19-cv-142-B-BN |
| § | |
| ROSEMONTS AT MISSION TRAILS, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This action filed by a *pro se* plaintiff has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Lakysha Joiner alleges that the defendants – the apartment complex where she and her family reside and employees of that complex – have discriminated against her and her family. *See, e.g.,* Dkt. No. 1 at 6 ("This management duo[ – Defendants Tisha Johnson and Cynthia Prince – ]continues to discriminate against, harass, cause mental anguish and emotional distress, misuse and abuse position and authority, and continuously attempt to sabotage my job and family. Their discriminative treatment has caused my children and me great pain and suffering.

Them discriminating against us and misusing and abusing their positions and authority caused my children and me to live in a transitional housing facility for almost 9 months! We are still attempting to recover a peace of mind after this traumatic experience, but are finding it very difficult because of the continuous harassment and attempts to sabotage by the management duo.").

The complaint cites the Fair Housing Act (the "FHA"), *see id.* at 18, and mentions that the apartment complex has a contract with the Dallas Housing Authority, *see id.* at 3.

But the facts alleged in the complaint fail to establish subject matter jurisdiction. And, because Ms. Joiner is proceeding *pro se*, the Court granted her an opportunity to respond to the January 22, 2019 Order Regarding Subject Matter Jurisdiction [Dkt. No. 5], issued after the undersigned screened her complaint. She filed a timely response. *See* Dkt. No. 7.

**Legal Standards**

Under its limited jurisdiction, a federal court generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Ms. Joiner chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. And if she does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28

U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

## Analysis

Ms. Joiner has not "affirmatively and distantly" alleged jurisdiction.

Taking diversity jurisdiction first, she fails to allege the citizenship of each defendant. And the Court may plausibly infer from the facts alleged that the defendants are Texas citizens. So it need not find that diversity jurisdiction exists based on Ms. Joiner's attempt to amend her complaint (in her show cause response) to raise the amount in controversy from the $60,748 demanded in the complaint, *see* Dkt.

No. 1 at 18, to "relief in the amount of $75,001.00," Dkt. No. 7 at 7.

Next, merely citing a federal law, such as the FHA, does not itself confer federal question jurisdiction. *See, e.g., Borders v. La. Citizens Prop. Ins. Co.,* Civ. A. No. 07-5399, 2017 WL 3334323, at *2 (E.D. La. Nov. 8, 2007) (observing that a reference "made by plaintiff to federal law does not, by itself, provide this Court with subject matter jurisdiction." (citing *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 161-62 (5th Cir. Unit A Aug. 1981); citations omitted)).

The facts of the complaint, reiterated in the show cause response, fail to plausibly show discrimination under the FHA – or under 42 U.S.C. § 1981 or 42 U.S.C. § 2000a, statutes Ms. Joiner cites in her show cause response. *See* Dkt. No. 7 at 1.

To generally "assert a prima facie claim of housing discrimination under ... the FHA, a plaintiff must prove that he (or a family member) is a member of a protected class; he applied for and was [qualified to rent or purchase housing]; he was rejected; and the housing remained available to other similarly situated purchasers thereafter." *Petrello v. Prucka*, 484 F. App'x 939, 942 (5th Cir. 2012) (per curiam) (citing *Lindsay v. Yates*, 498 F.3d 434, 438-39 (6th Cir. 2007); *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003)). This typical formulation of FHA discrimination does not preclude an existing tenant, such as Mrs. Joiner, from making such a claim, because

> "[t]he FHA affords a private cause of action to any 'aggrieved person.'" *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) (quoting 42 U.S.C. § 3613(a)(1)(A)). An "'[a]ggrieved person' includes any person who ... (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. §§ 3602(i)(1)-(2); *see also Case*, 340 F.3d at 289. "[T]he sole requirement for standing under [the FHA] is

> the Article III minima of injury in fact." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). A plaintiff satisfies the injury in fact requirement if there is a "distinct and palpable injury fairly traceable to the challenged action." *See L & F Homes & Dev., L.L.C. v. City of Gulfport, Miss.*, 538 F. App'x 395, 400 (5th Cir. 2013) (citing *Havens Realty*, 455 U.S. at 375-76).

*Chavez v. Aber*, 122 F. Supp. 3d 581, 592 (W.D. Tex. 2015); *see, e.g., Elmowitz v. Executive Towers at Lido, LLC*, 571 F. Supp. 3d 370, 375 (E.D.N.Y. 2008) (as to disability discrimination under the FHA, holding that, "[e]ven though typical FHA claims apply to those seeking to rent or purchase housing, the 'language of the statute is broad enough to encompass an existing tenant who is denied access to [his] dwelling because of a handicap'" (citation omitted)); *see also Cadena v. Hicks*, No. A-16-CV-1009-RP, 2016 WL 6135454, at *6 (W.D. Tex. Oct. 21, 2016) ("[N]o tenant can assert a private right of action under the FHA for due process violations or tort claims. The FHA only affords an aggrieved person a private right of action for discriminatory housing practices." (citations omitted)).

> Similarly,
>
> defendants [are liable] under § 1981 when, for racially motivated reasons, they prevented individuals who 'sought to enter into contractual relationships' from doing so ... [That] should be obvious from reading the text of the statute: Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship.

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (citations and emphasis omitted); *see also Cox v. Phase III, Invs.*, Civ. A. No. H-12-3500, 2013 WL 3110218, at *11 (S.D. Tex. June 14, 2013) ("To state a claim for a violation of § 1981, the plaintiff

must allege facts showing that (1) he is a member of a protected class; (2) the defendant(s) intended to discriminate against him on the basis of race; and (3) the discrimination related to one or more of the activities enumerated in the statute, including the right 'to make and enforce contracts.'" (quoting *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002))); *accord Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999) (42 U.S.C. § 2000a "prohibits even private discrimination on the grounds of race, color, or religion in places of public accommodations. Unlike many other civil rights statutes, however, 42 U.S.C. § 2000a allows only for prospective relief and does not authorize damage awards." (citations and footnote omitted)).

Ms. Joiner concludes that the defendants discriminated against her. *See* Dkt. No. 1 at 3 & 6; Dkt. No. 7 at 3 & 7. But she fails to plausibly allege facts to support discrimination under any of the federal statutes that she cites. For example, she fails to allege any basis – let alone race as the basis – for the alleged discrimination. And her failure to do so precludes subject matter jurisdiction. *Cf. Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 25, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE